UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM EDWIN MOORE,

    Petitioner,

vs.                           Case No. 2:09-cv-194-FtM-29SPC
                                    Case No. 2:05-cr-50-FTM-29SPC

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on the following documents filed by petitioner: (1) Motion to Vacate Judgment Under Rule 60(b) (Cv. Doc. #30) filed on December 6, 2010; (2) Motion to Amend Petitioner's Rule 60(b) Motion to Vacate Judgement [sic] (Cv. Doc. #31; Cr. Doc. #214), filed on February 3, 2011; (3) Motion to Recuse (Cv. Doc. #32; Cr. Doc. #215), filed on March 7, 2011; and (4) a letter dated March 17, 2011, which the Court will construe as a supplement to the Motion to Vacate Judgment under Rule 60(b). The Motion to Amend Petitioner's Rule 60(b) Motion to Vacate Judgement [sic] (Cv. Doc. #31) is granted, and the Court will consider the arguments set forth therein.

**I.**

On April 13, 2010, the Court issued an Amended Opinion and Order (Cv. Doc. #25) denying petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct Sentence By a Person in

Federal Custody. Petitioner asserts that the undersigned failed to adjudicate on the merits one of his Section 2255 claims - that the Court erred in denying a request for continuance on January 31, 2006. This, petitioner argues, was error under Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992)(en banc). Clisby has been extended to Section 2255 proceedings. Gay v. United States, 816 F.2d 614, 616 n.1 (11th Cir. 1987)(citing Sanders v. United States, 373 U.S. 1, 15 (1963)); Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010). A Rule 60(b) motion is proper, and is not treated as a successive habeas petition, when it challenges only the district court's failure to address an issue properly raised in a § 2255 motion. Gonzalez v. Crosby, 545 U.S. 524, 538 (2005). Therefore, petitioner's motion to amend is properly before the Court.

## II.

Clisby requires a district court to "address" and "resolve" all claims for relief raised in the § 2255 proceeding. Long, 626 F.3d at 1169, 1170. Contrary to petitioner's argument, Clisby does not require a district court to adjudicate every issue on the merits, but rather to address or resolve all claims. There was no Clisby error in this case because the district court did address and resolve all claims raised by petitioner in the Section 2255 proceedings.

On January 31, 2006, attorney Steven S. Leskovich entered a Notice of Appearance (Cr. Doc. #80), a Motion for Substitution of

Counsel (Cr. Doc. #81), and a Motion to Continue Trial Date (Cr. Doc. #82). On February 1, 2006, without a hearing, the Court entered an Order denying both motions stating:

> The case has been continued on at least four prior occasions at defendant's request, and defendant is on his fourth attorney. There are currently motions to suppress filed by current counsel, and no reason to allow either substitution of counsel that will further delay the proceedings or grant a continuance of the trial date yet again. The Court finds no good cause has been shown for either.

(Cr. Doc. #83.) On February 7, 2006, petitioner filed a *pro se* Motion to Dismiss Counsel (Cr. Doc. #86), which was stricken as filed by a represented party (Cr. Doc. #87). Petitioner's counsel then filed the same motion on petitioner's behalf (Cr. Doc. #92). On February 13, 2006, the Court conducted a Status Conference and acknowledged a pending motion by defendant to dismiss counsel (Cr. Doc. #92), and scheduled a hearing. (Cr. Doc. #91.)

On February 17, 2006, the Court conducted a hearing and orally denied the motion to dismiss counsel and the oral request for a continuance of trial. (Cr. Doc. #97.) A written Order (Cr. Doc. #96) was also entered stating that part of the hearing was conducted *in camera* to preserve attorney-client privileged discussions, and that effective assistance of counsel was being provided. The transcript was not ordered prior to trial, sentencing, or appeal.

On direct appeal, on December 7, 2007, the Eleventh Circuit addressed the claim that the denial of motions to dismiss petitioner's lawyer and for a continuance was error as follows:

> Moore first argues that the district court's denial of his motions to dismiss his lawyer and for a continuance--Moore filed to substitute his lawyer before trial and again before he was sentenced--violated the Sixth Amendment and due process. We review the denial of Moore's pre-sentencing motions for abuse of discretion. [n.2] See United States v. Baker, 432 F.3d 1189, 1248 (11th Cir. 2005); United States v. Calderon, 127 F.3d 1314, 1343 (11th Cir. 1997). "The proper exercise of the trial court's discretion. . .requires a delicate balance between the defendant's right to adequate representation by counsel of his choice and the general interest in the prompt and efficient administration of justice." Baker, 432 F.3d at 1248. And the burden is on the defendant to show that the denial was an abuse of discretion and that it produced specific substantial prejudice. United States v. Smith, 757 F.2d 1161, 1166 (11th Cir. 1985).
>
>> n.2 The district court held a hearing on Moore's pre-trial motion to dismiss his lawyer; and the district court issued an order stating that it denied Moore's motion for the reasons given at the hearing. But a transcript of the district court's hearing is not part of the record on appeal. Because Moore failed to order this transcript, we are unable to review his challenge to the district court's denial of his pre-trial motion to dismiss his lawyer. See Fed. R. App. P. 10(b)(1) (explaining the appellant's duty to order transcripts that the appellant considers necessary); Selman v. Cobb County Sch. Dist., 449 F.3d 1320, 1333 (11th Cir. 2006) ("[T]he burden is on the appellant to ensure the record on appeal is complete, and where a failure to discharge that burden prevents us from reviewing the district court's decision we ordinarily will affirm the judgment."). Because we are unable to conduct a meaningful review of the district court's denial of Moore's motion without knowing the reasons for the district court's decision, we

> affirm the denial of Moore's pre-trial motion to dismiss his lawyer.
>
> When reviewing the denial of a continuance to secure a new lawyer during a trial, we consider these factors:
>
>> (1) the length of the delay; (2) whether the counsel who becomes unavailable for trial has associates prepared to try the case; (3) whether other continuances have been requested and granted; (4) the inconvenience to all involved in the trial; (5) whether the requested continuance is for a legitimate reason; and (6) any unique factors.
>
> Id. Here, the district court continued Moore's sentencing hearing once so that Moore could discuss his pre-sentence investigation report with his lawyer. [n.3] Before Moore's sentencing hearing resumed, Moore moved to dismiss his lawyer and to replace him with an out-of-state lawyer who needed time to familiarize himself with Moore's case. In making this motion, Moore did not indicate the anticipated length of time for the delay. And Moore's desired lawyer was not present when Moore's sentencing hearing resumed. We conclude that the district court did not abuse its discretion in denying Moore's pre-sentencing requests to dismiss his lawyer and to receive another continuance.
>
>> n.3 The district court also had granted many pretrial continuances in this case.

United States v. Moore, 257 F. App'x 254, 255-56 & nn. 2-3 (11th Cir. 2007), cert. denied, 552 U.S. 1304 (2008).

In Ground Five of the § 2255 motion, as relevant here, petitioner argued ineffective assistance of counsel for the failure to order the transcript from the February 17, 2006 hearing, and the denial of his right to be represented by the counsel of his own choice. (Cv. Doc. #17, pp. 31-36.) On April 6, 2010, the Court

entered an Order (Cr. Doc. #208) directing preparation of the hearing transcript:

> One of the issues raised is ineffective assistance of counsel for failing to order a transcript of a February 17, 2006 hearing. That hearing contained a sealed portion pertaining to the relationship between defendant and counsel. In light of the issues raised in the § 2255 motion, the need for sealing no longer exists. The Court will unseal those portions of the hearing and direct the court reporter to file the entire transcript of the February 17, 2006 hearing.

(Cr. Doc. #208, p. 1.) The transcript was filed on April 7, 2010, see Cr. Doc. #209.

A review of the February 17, 2006 hearing transcript reflects a discussion about all previous counsel, the request for substitution and a continuance by Mr. Leskovich, and the denial of both:

> MR. HOLLANDER: Oh. If . . . if the Court had allowed Mr. Leskovich to come in, I would have met with him, and gone through everything I had done, gone through the . . . each of the files, I'd have gotten him up to speed --
>
> THE COURT: That's what he said. He said he couldn't be ready. And, if he's not ready on the trial date, he's not qualified, as far as I'm concerned.
>
> MR. HOLLANDER: I understand that. That would have necessitated a continuance, Judge. I'm just telling the Court that I would have done my part to get him up to speed. I've done a lot of research on various issues. . . .
>
> ...
>
> MR. HOLLANDER: Thank you, Your Honor. First off, I would like to clarify one thing. Mr. Leskovich filed a request to represent Mr. Moore back on January 31st, a week before Judge Chappell came out with the report and recommendation, which I believe was the seventh [. . .]

>   I wanted to clarify that because Mr. Michelland said that he filed this the day after -- he filed his motion the day after. Mr. Leskovich filed his motion, you denied it, and then he filed -- Mr. Moore filed his motion to dismiss counsel.
>
>   . . .
>
>   THE DEFENDANT: . . . I'm asking the Court for that chance, please, Your Honor. I want to -- Mr. Leskovich is retained. If you can grant me a continuance, I will look forward to that trial date, and I do not foresee having to ask for another one.
>
>   . . .
>
>   THE COURT: . . . You've made an oral request to continue the case so another attorney can become involved. That motion will be denied. This case has been continued many times. Mr. Leskovich has said, in his documents, he couldn't be prepared this time around, and the Court finds no reason to continue the trial again. So I will deny that. I will deny, also, your motion to dismiss counsel, for the reasons I've said.

(Cr. Doc. #209, pp. 10-11, 15-16, 46-47, 53.)

On April 13, 2010, the Court issued an Opinion and Order addressing the specific issue of petitioner as follows:

>   Petitioner argues that his Sixth Amendment right to effective assistance of counsel on direct appeal was violated because his appellate attorney failed to order certain transcripts, which precluded review by the Court of Appeals of the issue of his right to counsel of choice; failed to raise the issue of the drug use testimony admitted in violation of Rule 404(b); failed to raise the issue of preclusion of any expert analysis about defendant; and failed to raise the issue of government suppression of favorable evidence. (Cv. Doc. # 17, pp. 24-29.)
>
>   According to petitioner's criminal docket, the record on appeal consisted of 16 transcripts. (Cr. Doc. #202.) The transcript of a February 17, 2006 hearing on petitioner's motion to dismiss counsel was not ordered. (See Cr. Docs. 96 and 97.) Since the transcript was not

ordered, the Eleventh Circuit did not review petitioner's challenge to this Court's denial of petitioner's pre-trial motion to dismiss his lawyer. Moore, 257 Fed. Appx. at 255 n.2. The Eleventh Circuit did review the denial of petitioner's motion for a continuance to secure a new lawyer, and found no abuse of discretion in the denial of that motion. Moore, 257 Fed. Appx. at 255-56.

Assuming the failure to order the transcript of the February 17, 2006, motion hearing was deficient performance, petitioner must still establish prejudice in order to show ineffective assistance of counsel. The undersigned directed that a transcript of that hearing be prepared and filed (Cr. Doc. # 208.) in order to review this issue. After reviewing that transcript, the Court finds that petitioner cannot demonstrate that he, "would have had a reasonable probability of success on appeal,. . ." Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997).

Denial of petitioner's pre-sentencing motions are reviewed for abuse of discretion. Moore, 257 Fed. Appx. at 255; United States v. Baker, 432 F.3d 1189, 1248 (11th Cir. 2005). It is petitioner's burden to show "that the denial was an abuse of discretion and that it produced specific substantial prejudice." United States v. Smith, 757 F.2d 1161, 1166 (11th Cir. 1985). During the hearing regarding Moore's motion to dismiss counsel, Moore argued that he wanted new counsel because his current counsel, Lee Hollander, had generally not followed Moore's preferred trial strategy including: contacting all potential defense witnesses; subpoenaing all documents; and addressing every Fourth Amendment suppression issue to Moore's satisfaction. (Cr. Doc. #209, pp. 5-6.) Mr. Hollander responded that the Fourth Amendment issues did not have legal merit (id. at 9); that some of Moore's suggested motions would be better made at trial (id.); and that he was currently working on the relevant subpoenas, but that some of the potential defense witnesses that Mr. Moore requested may be more hurtful than helpful to the case. (Id. at 10, 18.) The Court found that there was a need for an *in camera* and *ex parte* hearing regarding the specifics of Moore's objections. (Id. at 14-15.)

During the *in camera* and *ex parte* session, Moore and Mr. Hollander detailed their differing opinions on trial strategy. Moore essentially addressed the very same

issues that he argues as the basis for his ineffective assistance claims regarding the motion to suppress, investigation and preparation and trial presentation. Moore wanted his counsel to look into Fourth Amendment issues pertaining to the search of the hotel and his car; the witness that saw the bank robber run into a green vehicle; an expert to testify that Moore could not run; a subpoena for the receipts from the store where Moore alleges he was at the time of one of the bank robberies; and speak to the witness who may have been on the phone with Moore during one of time of one of the bank robberies. (Id. at 19-31.)

After evaluating Moore's concerns, and considering that the case had already been continued many times, the Court found that Mr. Hollander was providing competent assistance and denied Moore's motion to dismiss Mr. Hollander and to continue the trial. (Id. at 54-55.) The Court also granted leave for Mr. Hollander to file a motion to suppress regarding the 2005 arrest and search and seizure of a motel room and the 2000 seizure of a receipt from his truck. [n.3] (Id. at 55.)

> n.3 The Court notes that following the February 17, 2006 hearing, Moore's counsel did file three motions to suppress on these and other issues. (See Cr. Docs. 98-101.) The Court denied these motions in an Order and Opinion (Cr. Doc. #115) addressed above.

The record fails to show an abuse of discretion. Petitioner simply argues that the motion was wrongly decided. Essentially, the issues Moore had with his attorney were questions of trial strategy, which are "virtually unchallengeable." Reed, 593 F.3d at 1240. Thus, petitioner has not shown prejudice from appellate counsel's failure to obtain the transcript of the February 17, 2006 hearing.

Further, petitioner's appellate counsel was also was not constitutionally ineffective for failing to raise the other issues petitioner noted. An appellate attorney is not required to raise every issue in order to be effective, in fact it may be beneficial not to raise some weaker arguments on appeal. See Brownlee v. Haley, 306 F.3d 1043, 1062 (11th Cir. 2002) (citing Smith v. Murray, 477 U.S. 527, 536, 106 S. Ct. 2661, 91 L. Ed. 2d 434

-9-

>   (1986)). None of the issues would have been meritorious on appeal.

(Cv. Doc. #25, pp. 14-17); <u>Moore v. United States</u>, 2010 WL 1507836, at *6-8 & n.3 (M.D. Fla. Apr. 13, 2010).

The Court did not rely on the Eleventh Circuit's finding of no abuse of discretion regarding a later pre-<u>sentencing</u> request for continuance, which was addressed on direct appeal as a separate matter. The undersigned specifically recognized that the Eleventh Circuit did not consider the issue of the pre-<u>trial</u> continuance because there was no transcript, and therefore ordered the transcript. <u>After</u> review of the transcript, the Court specifically addressed petitioner's argument on the pre-<u>trial</u> motion for continuance and found no abuse of discretion. The Court did address and consider all issues raised in the Section 2255 petition. Accordingly there was no <u>Clisby</u> error committed.

**III.**

Title 28, U.S.C. Section 455(a) provides, in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under § 455(a), recusal is appropriate only if "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." <u>United States v. Patti</u>, 337 F.3d 1317, 1321 (11th Cir. 2003) (quotation omitted).

Generally, "an allegation of bias sufficient to require disqualification under . . . section 455 must demonstrate that the alleged bias is personal as opposed to judicial in nature." United States v. Meester, 762 F.2d 867, 884 (11th Cir. 1985). Bias must stem from an extrajudicial source unless "such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." Id. at 885 (quotation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Petitioner has failed to satisfy this standard.

Accordingly, it is now

**ORDERED**:

1. Petitioner's Motion to Vacate Judgment Under Rule 60(b) (Cv. Doc. #30; Cr. Doc. #214) is **DENIED**.

2. Petitioner's Motion to Amend Petitioner's Rule 60(b) Motion to Vacate Judgement [sic] (Cv. Doc. #31) is **GRANTED**, *nunc pro tunc*.

3. Petitioner's Motion to Recuse (Cv. Doc. #32; Cr. Doc. #215) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of April, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Parties of Record